UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SANOFI-AVENTIS U.S. LLC | ) | |
| 55 Corporate Drive | ) | |
| Bridgewater, N.J. 08807 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. |
| | ) | |
| FOOD AND DRUG ADMINISTRATION | ) | |
| 10903 New Hampshire Avenue | ) | |
| Silver Spring, MD 20993, | ) | |
| | ) | |
| MARGARET A. HAMBURG, M.D. | ) | |
| Commissioner of Food and Drugs | ) | |
| Food and Drug Administration | ) | |
| 10903 New Hampshire Avenue | ) | |
| Silver Spring, MD 20993 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KATHLEEN SEBELIUS | ) | |
| Secretary of Health and Human Services | ) | |
| 200 Independence Avenue, S.W. | ) | |
| Washington, D.C. 20201 | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff sanofi-aventis U.S. LLC ("Sanofi") brings this action to set aside the

FDA's decision to publicly disclose certain confidential information that Plaintiff submitted to

the FDA, and to enjoin defendants from publicly disclosing that information.  The disputed

information falls within Exemption 4 to the Freedom of Information Act, 5 U.S.C. § 552(b)(4)

and the Trade Secret Act, 18 U.S.C. § 1905.

## PARTIES

1.      Plaintiff Sanofi is a Delaware limited liability corporation with its principal place of business in Bridgewater, New Jersey.

2.      Defendant FDA is an agency of the United States Government within the Department of Health and Human Services, with offices at 200 C Street, S.W., Washington, D.C., and 10903 New Hampshire Avenue, Silver Spring, MD.  The Secretary of Health and Human Services has delegated to FDA the authority to administer the relevant provisions of the FDCA.

3.      Defendant Margaret A. Hamburg, M.D., is Commissioner of Food and Drugs and is the senior official of the FDA.  She is sued in her official capacity.  Dr. Hamburg maintains offices at 200 C Street, S.W., Washington, D.C., and 10903 New Hampshire Avenue, Silver Spring, MD.

4.      Defendant Kathleen Sebelius is Secretary of Health and Human Services and the official charged by law with administering the FDCA.  She is sued in her official capacity.  Secretary Sebelius maintains an office at 200 Independence Avenue, S.W., Washington, D.C.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States, including the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; the Trade Secrets Act, 18 U.S.C. § 1905; the judicial review provisions of the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-06; and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

6.      Venue is proper in the District of Columbia under 28 U.S.C. §§ 1391(e).

## FACTS

7.     Sanofi holds New Drug Applications (NDAs) for Nasacort Allergy 24 HR, a prescription nasal spray.  On October 11, 2013, FDA approved a supplement to the NDA that authorizes Sanofi to market Nasacort Allergy 24 HR as an over-the-counter (OTC) medication which will be available to consumers without a doctor's prescription.  As part of its supplement, Sanofi was required to, and did, submit proposed labeling and packaging material that would accompany the OTC version of the medication.

8.     FDA's approval of the OTC version does not provide any market exclusivity for the product.  Accordingly, manufacturers of generic versions of Nasacort Allergy 24 HR will be free to launch competing products as soon as Sanofi launches its product, provided that generic competitors comply with FDA's regulations.

9.     One of the applicable FDA regulations requires that the labeling for the generic versions match the labeling for Sanofi's product.  *See* 21 U.S.C. § 355(j)(2)(a)(v).

10.     Sanofi's labeling and packaging for the OTC version of Nasacort Allergy 24 HR will become available to the public when Sanofi's OTC affiliate launches and begins to market the product.

11.     Sanofi's OTC affiliate currently plans to launch the OTC version of Nasacort Allergy 24 HR in 2014.

12.     Release of Sanofi's approved labeling and packaging materials prior to its launch of the OTC version of Nasacort Allergy 24 HR will cause substantial competitive harm to Sanofi because it will provide generic manufacturers with advance knowledge of the labeling that they must match and thereby will enable them to launch their competing products sooner than would be the case if they must wait until Sanofi launches its product.

13.     Release of this information will also permit manufacturers of competing branded products to prepare advertising and promotion materials in advance of Sanofi's launch of its OTC product.

14.     Until Sanofi's labeling and packaging material is publicly disclosed, it constitutes proprietary information, the disclosure of which would cause substantial completive harm to Sanofi.  Accordingly, the labeling and packaging information falls within Exemption 4 to the Freedom of Information Act and the Trade Secrets Act, 18 U.S.C. § 1905 until Sanofi chooses to make the labeling and packaging public in connection with the launch of the product.

15.     FDA has informed Sanofi that FDA has received four FOIA requests for the approved labeling for Nasacort Allergy 24 HR.

16.     On October 18, 2013, Sanofi requested in writing that FDA refrain from releasing the approved labeling and packaging  for OTC Nasacort Allergy 24 HR until Sanofi launches the product.

17.     On November 1, 2013, FDA sent Sanofi a letter in which FDA rejected Sanofi's requests for confidentiality and advised Sanofi that it would post the approved labeling and packaging on FDA's website on November 12, 2013.

18.     This letter constitutes final agency action.

### FIRST CAUSE OF ACTION
**Violation of The Administrative Procedure Act**

FDA's decision to release the approved labeling and packaging for the OTC version of Nasacort Allergy 24 HR prior to Sanofi's launch of the product is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  5 U.S.C. § 706.

## PRAYER FOR RELIEF

WHEREFORE, Sanofi respectfully requests that this Court:

A.      Set aside the FDA's decision to disclose the approved labeling and packaging for the OTC version of Nasacort Allergy 24 HR as arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law;

B.      Declare that the FDA decision that the approved labeling and packaging for the OTC version of Nasacort Allergy 24 HR does not fall within FOIA Exemption 4 or 18 U.S.C. § 1905 was arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law;

C.      Declare that, prior to launch of the product, the approved labeling and packaging for the OTC version of Nasacort Allergy 24 HR falls within FOIA Exemption 4 and 18 U.S.C. § 1905;

D.      In the alternative, remand the matter to the FDA for reconsideration;

E.      Preliminary and permanently enjoin the FDA from publicly disclosing the approved labeling and packaging for the OTC version of Nasacort 24 HR until Sanofi launches the product; and

F.      Grant such other and further relief as may be just and proper.

Dated:  November 6, 2013                    Respectfully submitted,


  /s/ Mark H. Lynch                             

Mark H. Lynch (D.C. Bar No. 193110)
Peter Safir (D.C. Bar No. 217612)
Benjamin C. Block (D.C. Bar No. 479705)
Jaclyn E. Martinez Resly (D.C. Bar No. 1010753)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2401
(202) 662-6000
mlynch@cov.com
psafir@cov.com
bblock@cov.com
jmartinezresly@cov.com

*Attorneys for Plaintiff,*
*sanofi-aventis U.S. LLC*